CLD-082                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3109
_____

UNITED STATES OF AMERICA

v.

JAMES HILL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:18-cr-00458-001)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2022
Before:  AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: February 15, 2022)
_____

OPINION*
_____

PER CURIAM

    Appellant James Hill, proceeding pro se, appeals from the District Court's order

denying his motion for compassionate release filed pursuant to 18 U.S.C.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 3582(c)(1)(A).  The Government has filed a motion for summary affirmance.  For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

After a 2018 trial, a jury in the United States District Court for the Eastern District of Pennsylvania found Hill guilty of possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The District Court sentenced him in 2019 to a term of 70 months in prison.  We affirmed his conviction on appeal.  See United States v. Hill, No. 19-2532 (judgment order entered July 30, 2021).  According to the Bureau of Prisons (BOP), Hill is scheduled for release on September 3, 2023.

In August 2021, Hill filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that he had "extraordinary and compelling" reasons for a reduction in sentence or release.  Hill claimed that he suffers from fatty liver disease, liver failure, asthma, nerve and muscle damage from gunshot wounds, and vitamin D deficiency.  According to Hill, these medical conditions put him at an increased risk of complications should he contract the COVID-19 virus again.  (Hill was infected with COVID-19 in December 2020.)  In particular, he maintains that the prison's failure to properly care for his fatty liver condition in the past year caused his overall health to deteriorate and left him vulnerable to the virus.  The Government opposed Hill's motion.

---

[1] We also grant the Government's request for leave to file its motion for summary action, see Government's Motion at 7 n.3, and its motion to be excused from filing a brief.

The District Court denied relief in October 2021, because Hill had not demonstrated "extraordinary and compelling" reasons for reduction of release, nor did the weighing of factors under § 3553(a) counsel in favor of relief. Hill filed this timely appeal and a pro se informal brief. The Government moved for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision, and we "will not disturb the District Court's decision 'unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)); see also United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). We will take summary action if "no substantial question is presented" by Hill's appeal. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Here, after examining Hill's medical records and motion, the District Court ruled that Hill's medical condition did not "rise to [the] level" of an "extraordinary and compelling" reason for release. D. Ct. Memorandum at 1 (citing § 3582(c)(1)(A)(i)). The Court acknowledged that the Centers for Disease Control and Treatment (CDC) has identified chronic liver disease as a condition that could lead to a more severe COVID infection. Id. at 1-2. That said, however, the District Court reasonably concluded that Hill still did not show an "extraordinary and compelling" circumstance requiring release when the record reflected that his medical conditions have been controlled at FCI

3

Schuylkill, and further, that Hill had an asymptomatic COVID-19 case in December 2020 from which he has fully recovered.[2]

Moreover, just as the District Court did, we observe that a high percentage of inmates at FCI Schuylkill—87.4 per cent of the current inmate population, according to the Government in its motion—are fully vaccinated against the COVID-19 virus. Hill apparently has not been vaccinated: before the District Court, he claimed that he wasn't offered the vaccine (contrary to a form with his name indicating refusal—he said the signature was forged) and that he wanted to consult with medical professionals prior to receiving it because of his chronic liver disease. See ECF No. 65 at 5; ECF No. 71 at 4. Even though Hill has access to medical professionals at the prison, Hill has not indicated that he has consulted with them. Also, to the extent he claims that he has not been offered a vaccine, the District Court has stated that it "will intervene if Mr. Hill seeks and is denied a vaccine." D. Ct. Memorandum at 3 n.6. There is nothing extraordinary or compelling about Hill's situation that would mandate reduction of sentence or release when he has available, but unutilized, options to protect his health. See Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021) (stating "'widespread availability of the

---

[2] Hill claimed that he suffers from "long-haul COVID" symptoms like fatigue, shortness of breath, and dizziness, but the District Court noted that Hill neither substantiated that assertion nor explained how that condition would increase his risks of a severe re-infection. D. Ct. Memorandum at 2. As the District Court noted, the records reflected that Hill reported that he suffers from asthma. Id. at n.3. Insofar as Hill asserted in this action that the BOP failed to adequately treat this or any other condition requiring medical care, and that he desires relief other than a reduced sentence or release, he cannot obtain that type of relief through a compassionate release motion.

COVID-19 vaccine . . . eliminates' need for compassionate release" (quoting United States v. Burgard, 857 F. App'x 254, 255 (7th Cir. 2021)).

Aside from the lack of an "extraordinary and compelling" basis for release, the District Court also concluded that the factors under 18 U.S.C. § 3553(a)(1) counseled against it. Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C). Hill is presently serving a sentence for possessing a loaded weapon after being convicted of a felony. Hill argued that he does not have a history of violence and that he was not arrested for a violent offense. Still, his two prior felonies of carrying guns without a license indicates that Hill continued, undeterred, to illegally possess firearms. (He has an additional felony conviction for possessing heroin with intent to distribute.) The District Court sentenced Hill on the present charge to 70 months, "the lowest end of the guideline range." D. Ct. Memorandum at 1. Under the circumstances, the District Court did not abuse its discretion when it concluded that Hill's release after serving only 39 months (as of October 2021), would not "reflect the seriousness of his offense, promote respect for the law, or adequately deter him from future criminal behavior." Id. at 4.

5

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's October 29, 2021 judgment.  <u>See</u> 3d Cir. I.O.P. 10.6.